UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-2011(DSD/JJG)

Eric Vandell Taylor,

        Petitioner,

v.                                                **ORDER**

Michelle Smith, Warden and
MCF-Stillwater,

        Respondents.

       Eric Vandell Taylor, 169755, MCF-Stillwater, 970 Picket Street North, Bayport, MN 55003, pro se.

       Peter R. Marker, Ramsey County Attorney's Office, 50 Kellogg Boulevard West, Suite 315, St. Paul, MN 55102, counsel for respondents.

This matter is before the court upon the objection[1] by pro se petitioner Eric Vandell Taylor to the April 24, 2013, report and recommendation of Magistrate Judge Jeanne J. Graham. Based on a de novo review of the file, record and proceedings herein, and for the following reasons, the court overrules the objection and adopts the report and recommendation in its entirety.

---

[1] Taylor moved "to alter or amend the judgment entered in this case on April 24, 2013 in order to correct manifest errors of law and fact." ECF No. 13, at 1. Given Taylor's pro se status, the court construes this as an objection to the magistrate judge's report and recommendation.

**BACKGROUND**

The background of this action is fully set forth in the magistrate judge's report and recommendation, and the court summarizes only those facts necessary to resolve Taylor's objection. On August 20, 2009, Taylor was arrested and charged with two counts of criminal sexual conduct, in violation of Minnesota Statutes § 609.342, subdivision 1(b), 1(g). State v. Taylor, No. A10-1940, 2012 WL 1149323, at *1 (Minn. Ct. App. Apr. 9, 2012). Taylor demanded a speedy trial on September 9, 2009. Id. at *2.

The trial was twice postponed. The first delay resulted from a backlog at the DNA analysis laboratory. Id. The second delay occurred when a state witness was out of the country and unavailable to testify. Id. During the delay and prior to trial, the victim made additional allegations against Taylor. Id. On May 21, 2010, the criminal complaint was amended to include additional incidences of sexual assault. Id.

On May 24, 2010, Taylor was tried and convicted of one count of first-degree criminal sexual conduct and sentenced to 360 months in prison. Id. Taylor appealed, arguing in part that the conviction should be overturned based on his Sixth Amendment right to a speedy trial. The Minnesota Court of Appeals affirmed the conviction on April 9, 2012. Id. at *6. The Minnesota Supreme Court denied review on June 27, 2012.

On August 16, 2012, Taylor filed a petition for writ of habeas corpus, alleging that he was deprived of his Sixth Amendment right to a speedy trial.[2]  ECF No. 1.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).  Taylor raises no new arguments in his objection.  Rather, Taylor argues that the magistrate judge incorrectly balanced the factors set forth in Barker v. Wingo, 407 U.S. 514 (1972).[3]

---

[2] Initially, Taylor also argued that he was deprived of a unanimous verdict, in violation of the Fourteenth Amendment. Taylor later moved to amend his petition to remove that argument, so as to not present a "mixed petition" containing exhausted and non-exhausted claims.  See ECF No. 10.  The magistrate judge recommended granting the motion to amend and analyzed only the speedy trial claim.

[3] To reach the Barker analysis, the length of the delay must be presumptively prejudicial. United States v. Summage, 575 F.3d 864, 875 (8th Cir. 2009).  If the delay is not presumptively prejudicial, the court may conclude that no speedy trial violation occurred without analyzing the Barker factors. Id. It is unclear, however, whether the delay of eight or nine months is presumptively prejudicial. Compare United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors." (citations omitted)), with United States v. McFarland, 116 F.3d 316, 318 (8th Cir. 1997) ("Only a little over seven months elapsed between ... indictment and trial, too brief a delay to trigger review of [the] Sixth Amendment speedy trial claim." (citation omitted)).  The court need not reach this determination, however, because even if the delay was presumptively prejudicial, the Barker factors weigh in favor of a finding that
(continued...)

3

In analyzing a speedy trial claim under Barker, the court balances the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530. After a de novo review of the record and the report and recommendation, the court finds that the report of the magistrate judge correctly resolves the issue of Taylor's speedy trial claim. Therefore, the objection is overruled.

Further, the court determines that Taylor has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). As a result, the court does not grant a certificate of appealability.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Petitioner's motion to amend the pleadings [ECF No. 10] is granted;

2.   Petitioner's motion to alter or amend the judgment [ECF No. 13] is construed as an objection to the magistrate judge's report and recommendation and is overruled;

3.   The magistrate judge's report and recommendation [ECF No. 12] is adopted in full;

---

[3](...continued)
Taylor's speedy trial rights were not violated.

4.    Petitioner's motion to expand the record [ECF No. 14] is denied as moot; and

5.    Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 10, 2013

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court